IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH GUY and JANNET GUY,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0317-WS-C |
| | ) |
| **KELLOGG, BROWN & ROOT, LLC,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on the parties' Joint Motion for Stay of Proceedings (doc. 24). In their Motion, the parties explain that, based on discovery conducted in this case, plaintiffs, Joseph and Jannet Guy, have agreed voluntarily to dismiss their Complaint against defendant, Kellogg, Brown & Root, LLC. Because the Guys have a pending Chapter 7 Petition in the U.S. Bankruptcy Court for the Southern District of Alabama, and because their claim against KBR is listed in the appropriate bankruptcy schedules, the Guys cannot voluntarily dismiss this action without prior Bankruptcy Court approval. Plaintiffs are diligently pursuing efforts to secure such approval; however, in the interim, the Guys and KBR face looming discovery and other pretrial deadlines here. As such, the parties mutually desire entry of a stay in this action to enable them to avoid incurring the expenses of discovery and trial preparation for an action whose voluntary dismissal appears imminent.

District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets and the course of particular litigation. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d

1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances"). In exercising this discretion, district courts have considered such factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).

Based on the facts and circumstances identified in the Joint Motion for Stay of Proceedings, the Court agrees with the parties that the requested stay is appropriate. The Guys no longer wish to maintain their claims against KBR. Although Bankruptcy Court approval of the proposed voluntary dismissal is necessary, there is no reason to believe that such approval will be withheld. Under the circumstances, it would be both inefficient and pointless to force the parties to press ahead with expensive, time-consuming civil litigation activities while awaiting Bankruptcy Court authorization of the proposed dismissal of the Guys' claims against KBR. On that basis, the undersigned finds that entry of a stay in this mater is substantially likely to simplify the issues in question and to reduce the burden of litigation on the parties and on the Court, with no countervailing prejudice or tactical disadvantage to any litigant.

In light of the foregoing, the Court exercises its discretion by **granting** the Joint Motion for Stay of Proceedings (doc. 24). This action, and all associated discovery, pretrial and trial deadlines, are hereby **stayed** pending approval by the Bankruptcy Court of the Guys' request to enter a voluntary dismissal of their claims raised against KBR herein. Within seven (7) calendar days after the Bankruptcy Court's ruling on the Guys' voluntary dismissal request, the parties are **ordered** to file a joint report in this case setting forth their proposal(s) for what should happen next (*i.e.*, voluntary dismissal of this action if the Bankruptcy Court has authorized same, restoration of this case to the active docket if the Bankruptcy Court declines to authorize a voluntary dismissal). Unless this action is dismissed or otherwise disposed of in the interim, this stay will be **lifted** by operation of this Order on **May 9, 2016**.

DONE and ORDERED this 8th day of March, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE